UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

TANEIKE Y. CAMPBELL,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,
BRIAN CHARLES BOWERS, MARK J. PATIN
AND JOHN DOES 1-4,

    Defendants

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendants JOHN DOES 2-4 and Defendant FINANCIAL RECOVERY SERVICES, INC, at the direction of BRIAN CHARLES BOWERS and MARK J. PATIN, and placed telephone calls into this District and on behalf of Defendant, JOHN DOE 1.

## PARTIES

3. Plaintiff, TANEIKE Y. CAMPBELL, is a natural person and citizen of the State of Florida who resides in Broward County, Florida.

4. Defendant, FINANCIAL RECOVERY SERVICES, INC. ("FRS"), is a corporation with its principal place of business at 4900 Viking Drive, Edina, MN, 55438.

5. Defendant, BRIAN CHARLES BOWERS, is the President and Chief Executive Officer of FRS. BRIAN CHARLES BOWERS established the policies of or carried out the practices at FRS regarding the TCPA or authorized those policies and practices complained of herein.

6. Defendant, MARK J. PATIN, is the Chief Information Officer of FRS. MARK J. PATIN contributed to or was responsible for the calls placed by FRS to Plaintiff's cellular telephone number.

7. Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

8. Defendant, JOHN DOE 1, is the creditor on whose behalf, FRS, was attempting to collect an alleged debt.

2

9. Defendants, JOHN DOES 2-4, are all other debt collectors that have placed calls to Plaintiff's cellular telephone on behalf of JOHN DOE 1. Plaintiff is presently unaware of the names of these individuals, and will obtain them through discovery and amend his Complaint accordingly.

10. Because JOHN DOE 1 is the creditor on whose behalf FRS and JOHN DOES 2-4 placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

11. Defendant, FRS, or others acting at its request, on behalf of JOHN DOE 1, left the following message on Plaintiff's cellular voice mail on or about the date stated:

> **JULY 23, 2010 - Pre-Recorded Message**
> For the remainder of this message. The law requires I notify you that I am calling from Financial Recovery Services, Incorporated, a debt collection company. This is an attempt to collect a debt and any information obtained

3

will be used for that purpose. Please call me back today at 1-866-304-0561. When calling back, please refer to ID code: ZY5333. Once again, the number is 1-866-304-0561. Thank you.

12. Defendant, FRS, or others acting on behalf of JOHN DOE, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

13. Defendants, JOHN DOE 2-4, or others acting on behalf of JOHN DOE, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

14. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

15. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING FINANCIAL RECOVERY SERVICES, INC. AND JOHN DOE 1

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant, FINANCIAL RECOVERY SERVICES, INC., on behalf of JOHN DOE 1, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, FINANCIAL RECOVERY SERVICES, INC., and JOHN DOE 1. for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING JOHN DOES 1-4

18.    Plaintiff incorporates Paragraphs 1 through 15.

19.    Defendant, JOHN DOES 2-4, on behalf of JOHN DOE 1, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, JOHN DOES 1-4, for:

    a.    Damages;

  b. a declaration that Defendants calls violate the TCPA;

  c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

  d. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING BRIAN CHARLES BOWERS

20. Plaintiff incorporates Paragraphs 1 through 15.

21. Defendant, BRIAN CHARLES BOWERS, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant JOHN DOE for:

  a. Damages;

  b. a declaration that Defendants calls violate the TCPA;

  c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an

      automatic telephone dialing system or pre-recorded or artificial voice;

and

      d.    Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING MARK J. PATIN

22.    Plaintiff incorporates Paragraphs 1 through 15.

23.    Defendant, Mark J. Patin, contributed to or was responsible for the non-emergency telephone calls placed by FRS to Plaintiff's cellular telephone number using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Mark J. Patin for:

      a.    Damages;

      b.    a declaration that Defendants calls violate the TCPA;

      c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.    Such other or further relief as the Court deems proper.

7

## JURY DEMAND

Plaintiff demands trial by jury.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com

        /s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658